UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LACAHRO J. BRIDGEFORTH,

    Petitioner,

v.                                                                Case No. 10-C-322

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

On April 15, 2010, Lacahro Bridgeforth filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to one count of conspiracy to distribute crack cocaine and heroin and was sentenced to 160 months of imprisonment.

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, I must give the case prompt initial examination:

> If it plainly appears from the motion and any attached exhibits, and the prior proceedings that the moving party is not entitled to relief, the judge shall dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other responsive pleading within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing § 2255 Proceedings.

During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable claims under § 2255. Petitioner asserts three grounds for relief. First, he asserts he received ineffective assistance of counsel for his counsel's failure to file a notice of appeal. Second, petitioner contends that his previous counsel was ineffective for withdrawing from representing him

30 days before his sentencing. Finally, petitioner claims that his sentence was excessive based on an "18-to-1" crack cocaine ratio.

The petition appears untimely. The judgment of conviction was entered in petitioner's case on March 23, 2009. Bridgeforth had 14 days to file a notice of appeal from this date. Fed. R. App. P. 4(b)(1)(A). He never filed a notice of appeal. His conviction became final, therefore, on the fifteenth day following the entry of his judgment of conviction, April 7, 2009, when his claim could no longer be subject to appellate review.[1] Bridgeforth does not claim that the one-year period should begin to run from a date later than when his judgment of conviction became final, as is provided in § 2255(f)(2)-(4). Unless the one-year limitation period can be equitably tolled, Bridgeforth's petition would be time-barred by over a week, as he filed it on April 15, 2010.[2] *See Nolan v. United States*, 358 F.3d 480, 484, 486 (7th Cir. 2004) (equitable tolling, an extraordinary remedy reserved for truly exceptional situations, is available to § 2255 petitioners).

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order petitioner shall show cause, if any, why his application for relief under § 2255 is not time-barred. If petitioner fails to respond within 30 days, his petition will be dismissed with prejudice.

Dated this  19th  day of May, 2010.

    s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

[1] The Court has calculated the time in which Bridgeforth had to appeal under the version of the Federal Rules of Appellate Procedure in effect at the time, which provided that a notice of appeal of a judgment of conviction had to be filed within 10 days. Under an amendment to Rule 4 which took effect on December 1, 2009 this period of time is now 14 days, though Saturdays, Sundays and legal holidays are now counted unless the period ends on such a day. Fed. R. App. P. 26(a)(1).

[2] Strangely, the petition indicates it was signed on April 20, 2010, five days after the document was received by the Clerk of Court.