UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LACAHRO J. BRIDGEFORTH,

      Petitioner,

v.                                    Case No. 10-C-322

UNITED STATES OF AMERICA,

      Respondent.

**ORDER**

On April 15, 2010, Lacahro Bridgeforth filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Bridgeforth pled guilty to one count of conspiracy to distribute crack cocaine and heroin and was sentenced to 160 months of imprisonment. The judgment of conviction was entered in Bridgeforth's case on March 23, 2009. Because it appeared that the petition was untimely under 28 U.S.C. § 2255(f), I ordered petitioner to show cause why his application for relief under § 2255 is not time-barred. In his response, petitioner maintains that under *Clay v. United States*, 537 U.S. 522 (2003), his petition is timely because had his counsel filed his notice of appeal (as Bridgeforth claims he directed) and the Seventh Circuit affirmed this Court, he would have had an additional 90 days in which to file a petition for certiorari with the Supreme Court. But just because Bridgeforth claims that his instruction to file an appeal fell on deaf ears, it does not follow that his conviction became final at some later date.

Bridgeforth could have a claim, however, that the one-year period of limitation should not run from April 7, 2009, the date his conviction became final, but instead from the point in time when the exercise of due diligence on his part would have revealed that his counsel had not filed

a notice of appeal. *See* 28 U.S.C. § 2255(f)(4). Attached to the motion is a letter from Bridgeforth to his counsel dated December 23, 2009, in which Bridgeforth inquires about the status of the appeal he thought his counsel had made on his behalf. This suggests that nine months after the judgment of conviction was entered Bridgeforth was under the impression that his case was on appeal, when no appeal had been made. Where a petitioner seeking relief under § 2255 alleges ineffective assistance of counsel for failure to file a notice of appeal, before calculating the time period under § 2255(f)(4) the court must determine whether a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed. *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008).

Here, because Bridgeforth filed his § 2255 motion on April 15, 2010, in order to find that the one-year period of limitation prevents this Court from entertaining his motion I would have to conclude that Bridgeforth did not exercise due diligence by failing to realize by April 15, 2009, only 23 days after judgment was entered, that his attorney did not file a notice of appeal. Taking the contents of Bridgeforth's letter to his counsel at face value, it appears that he had difficulty communicating with him in the months following his conviction, and was under the impression nine months later that his case was on appeal. Given this background, I cannot conclude that through the exercise of due diligence Bridgeforth could have realized by April 15, 2009 that his counsel had not filed a notice of appeal of his March 23, 2009 judgment of conviction. Accordingly, I will not dismiss the motion on the basis that it was untimely, at least for now.

This leaves the merits of the three grounds for relief Bridgeforth asserts in his motion. First, he claims he received ineffective assistance of counsel for his counsel's failure to file a notice of appeal upon his request. Second, petitioner contends that his counsel was ineffective for

withdrawing from representing him 30 days before his sentencing. Finally, petitioner claims that his sentence was excessive based on an "18-to-1" crack cocaine ratio.

Bridgeforth's claim that his counsel failed to follow his instruction to file a direct appeal could provide a basis for relief under § 2255, as the failure to take an appeal despite a defendant's request is per se ineffective assistance. *See Kafo v. United States*, 467 F.3d 1063, 1066 n.7 (7th Cir. 2006); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000) ("[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal."). In other words, the question of whether the defendant suffered prejudice does not enter into the analysis in such a claim of ineffective assistance of counsel. *Williams v. United States*, 273 Fed. Appx. 552 (7th Cir. 2008). Thus, Bridgeforth's claim that he received ineffective assistance as a result from trial counsel's failure to file a direct appeal when instructed to do so is properly before me. Whether or not Bridgeforth communicated his desire to appeal to his counsel will be a key factual issue on this claim.

The second ground for habeas relief petitioner provides is without merit. There is no suggestion that petitioner was deprived of counsel at his sentencing, only that his prior counsel withdrew from the representation within 30 days of his sentencing. But counsel is not ineffective for moving to withdraw from the representation and requesting that a substitute counsel be appointed for petitioner, as occurred in this case. Bridgeforth does not allege that replacement counsel did not have adequate time to prepare for sentencing or that his representation was less than adequate. In other words, while he notes that the representation he was provided at sentencing was by a different attorney than the one who represented him at his plea, he fails to allege anything about the representation at sentencing that would suggest it was ineffective. There is no claim that

replacement counsel needed more time to prepare for the sentencing, that he did not object to erroneous legal conclusions or failed to introduce mitigating evidence. The mere fact that he had a different attorney at sentencing is not enough to support a claim of ineffective assistance. This claim will be dismissed.

Petitioner's third ground for relief is cryptic, as the motion seeks "a sentence reduction pursuant to the 18-1 or 1-1 crack cocaine ratio." In his criminal case Bridgeforth sought a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) for a retroactive application in the sentence guideline applicable to crack cocaine offenses. The Court denied his motion, as Bridgeforth was sentenced after the guideline reduction for crack cocaine offenses was in effect and had already received the benefit of the guideline reduction at his sentencing. Bridgeforth's undeveloped claim regarding the crack cocaine ratio is without merit and will be dismissed.

Bridgeforth will be permitted to proceed with his claim that he received ineffective assistance of counsel for his trial counsel's failure to file an appeal upon his request. Of course, if the evidence were to demonstrate that Bridgeforth never actually instructed his counsel to appeal within the time permitted, his claim will fail. The petitioner has already filed a brief in support of his motion. The United States Attorney shall file a brief in opposition to the petition by July 21, 2010. The petitioner may file a brief in reply by August 4, 2010. Upon review of the filings, the Court will determine whether relief may be justified or whether a hearing may be warranted. Petitioner's claim that trial counsel was ineffective for withdrawing from representing him 30 days before his sentencing, along with his claim regarding the crack cocaine ratio, are dismissed.

**SO ORDERED** this ___21st___ day of June, 2010.

                                             s/ William C. Griesbach
                                             William C. Griesbach
                                             United States District Judge