UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LACAHRO J. BRIDGEFORTH,

    Petitioner,

v.                                                                                                                                    Case No. 10-C-322

UNITED STATES OF AMERICA,

    Respondent.

**DECISION AND ORDER**

On April 15, 2010, Lacahro Bridgeforth ("Petitioner") filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to one count of conspiracy to distribute crack cocaine and heroin and was sentenced to 160 months of imprisonment.

On June 21, 2010 this Court reviewed Petitioner's motion under Rule 4 of the Rules Governing § 2255 Proceedings. Petitioner was allowed to proceed on his contention that his counsel was ineffective because he failed to file a notice of appeal.

On August 8, 2010 the United States attorney filed a brief in opposition to the petition (Dkt. 7) and Petitioner filed his reply brief on September 7, 2010. (Dkt. 9.) This matter is now fully briefed and ripe for disposition. This Court considers two issues: whether relief is justified and whether an evidentiary hearing is warranted.

**BACKGROUND**

On August 22, 2008, Bridgeforth pleaded guilty to a charge of conspiracy to distribute five grams plus of crack cocaine. At his plea hearing, Bridgeforth acknowledged that, as a result of the §851 information, his mandatory minimum penalty changed from five to ten years imprisonment.

After his plea, but before sentencing, Attorney Steven Richards was appointed to represent Bridgeforth. Attorney Richards met with Bridgeforth several times; he met with Bridgeforth's prior counsel; he met with the assistant United States attorney. (Dkt. 7, Ex. 1.)

On March 18, 2009, Bridgeforth proceeded to sentencing. The Presentence Report calculated imprisonment guidelines of 262-327 months. After argument by the parties, this Court determined Bridgeforth's sentencing range to be 235-293 months. The government recommended a sentence of 188 months and noted that it would consider bringing a substantial assistance motion on behalf of Bridgeforth in the future. After considering sentencing arguments, the guidelines, and Bridgeforth's cooperation, this Court imposed a relatively lenient sentence of 160 months followed by ten years of supervised release.

Prior to concluding the sentencing hearing, this Court advised Bridgeforth of his appeal rights including: (1) the right to appeal his conviction; (2) that his attorney would consult with him on possible grounds to appeal; (3) that if he could not afford the cost of an appeal, the clerk would assist Bridgeforth in filing paperwork to potentially avoid such costs; (4) that if he chose to appeal, Bridgeforth would need to file a Notice of Appeal within 10 days of the entry of judgement; and (5) that failure to timely file a Notice of Appeal would result in losing any right to appeal. Bridgeforth acknowledged that he understood his rights. At no point during the sentencing proceeding did he ever express his desire to appeal his conviction.

On April 15, 2010, Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Bridgeforth claims that he asked his attorney to file an appeal. In support of this allegation Bridgeforth attaches a one-page handwritten letter, dated December 23, 2009, in which he asks his attorney "what going on [sic] with my appeal that you put in." (Dkt. 1,

Ex A.) In his brief Petitioner states "The Movant did seek and asked for a direct appeal via a letter to Defense Counsel, Steven G. Richards but this appeal was never filed."

Attorney Richards signed a two-page sworn affidavit that directly contradicts Bridgeforth's claims. The affidavit details Attorney Richards' interactions with Petitioner. (Dkt. 7, Ex. 1.) Attorney Richards unequivocally states: "At no point post-sentencing did Mr. Bridgeforth advise me that he wanted a notice of appeal filed in his case." (*Id.* at ¶ 4.) Specifically, when Attorney Richards met with his client on March 25, 2009, just seven days after Bridgeforth pleaded guilty, "Mr. Bridgeforth did not express . . . any desire to appeal his case." (*Id.* at ¶ 5.) Finally Attorney Richards reviewed his file and located four letters from Mr. Bridgeforth. He received two letters in June 2009, one letter in September 2009, and a final letter in December 2009. Only the final letter, which is Exhibit A to Petitioner's motion, made reference to an appeal. (*Id.*)

## ANALYSIS

The ultimate issue in this § 2255 petition will be whether Bridgeforth communicated a desire to appeal to his counsel. The specific issue at hand, however, is limited to whether Bridgeforth's assertions, and his exhibit, constitute sufficient evidence to warrant an evidentiary hearing.

"The court should grant an evidentiary hearing on a § 2255 motion when the petitioner alleges facts that, if proven, would entitle him to relief." *Hutchings v. U.S.*, --- F.3d ----, 2010 WL 3307469, *6 (7th Cir. 2010) (citing *Sandoval v. U.S.*, 574 F.3d 847, 850 (7th Cir. 2009). However, a district court need not hold an evidentiary hearing "where the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Torzala v. United States*, 545 F.3d 517, 525 (7th Cir.2008) (quoting *Cooper v. United States*, 378 F.3d 638, 641-42 (7th Cir.2004)).

3

Here, it is a close question whether an evidentiary hearing is needed. Bridgeforth alleges facts that, if proven, would entitle him to relief. If Bridgeforth did, in fact, communicate his desire to appeal to his attorney, he would be entitled to relief. Attorney Steven Richards, the attorney who represented Petitioner, on the other hand, expressly denies that Petitioner ever asked him to file an appeal. Although Petitioner refers to an appeal in his December 23, 2009 letter to Attorney Richards, this was long after the time to appeal had lapsed, and only after other letters inquiring about whether the Government intended to file a motion for a sentence reduction based on substantial assistance.

Several courts have concluded that an evidentiary hearing must be held in the face of a § 2255 petitioner's assertion that he asked his attorney to appeal. *See United States v. Phillips,* 2004 WL 66767, at *1 (W.D. Wis. Jan.9, 2004) (indicating that the sworn statement of a petitioner could constitute sufficient evidence to preclude denial of a § 2255 petition without a hearing); *United States v. Phillips*, 2004 WL 2491594, at *3 (W.D. Wis. Oct. 28, 2004) (stating that, on the basis of the defendant's allegations that he told counsel of his desire to appeal, even without alleging details as to where or when, the court would "allow him an opportunity to testify on the issue"); *Agunloye v. United States*, 999 F. Supp. 1182, 1184 (N.D. Ill.1998) (ruling on a § 2255 motion based on a claim that counsel failed to file requested appeal only after first holding an evidentiary hearing, where the petitioner submitted his own "sworn memorandum in which he claims that he 'repeatedly' asked [his trial counsel] to file an appeal on his behalf," and the government submitted a conflicting sworn affidavit from the petitioner's trial counsel); *Bradley v. U.S.*, 219 Fed. Appx. 587, 589 (7th Cir. 2007) (district court abused its discretion by denying evidentiary hearing where petitioner swore "in an affidavit that he instructed his mother to tell counsel to appeal" and such

4

assertions were independently corroborated by mother's affidavit and uncle's affidavit). However, in *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002), the Court reaffirmed its prior holdings that "in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions."

Bridgeforth's bare assertion in his sworn petition that his attorney "did not file for direct appeal when he was instructed to do so" (Pet. at 4), even when considered with his December 23, 2009 letter, offers little support for his claim when compared with Attorney Richards' detailed affidavit. On the other hand, it may be that little more can reasonably be expected, given the narrow factual issue in dispute. Under the circumstances, I conclude that the more prudent course is to conduct an evidentiary hearing on the question of whether Bridgeforth requested his attorney file an appeal. Given the need for an evidentiary hearing, the Court is required to appoint counsel. Rule 8 of The Rules Governing Section 2255 Proceedings. It is also clear, however, that petitioner need not be personally present, see 28 U.S.C. § 2255(c), although he will need to be available at least by telephone so that he can testify as to his version of the events.

Accordingly, the Clerk is directed to forward a copy of this order to the Federal Defender for this District with a request for a recommendation of counsel to be appointed pursuant to 18 U.S.C. § 3006A. Upon appointment of counsel, the Clerk shall schedule this matter for an evidentiary hearing as soon as practicable after counsel has sufficient time to prepare.

**SO ORDERED** this ___10th___ day of September, 2010.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge